Mark D. **MONTGOMERY**, Appellant,

v.

Samuel R. **McCRACKEN**, Judge 49th Judicial District; and Commonwealth of Kentucky, ex rel. Laura Key (now Lyons), Appellees.

No. 90–CA–66–S.

Court of Appeals of Kentucky.

Sept. 21, 1990.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Feb. 6, 1991.

William P. Skaggs, Bowling Green, for appellant.

G. Sidnor Broderson, Franklin, for appellees.

Before GUDGEL, LESTER and McDONALD, JJ.

GUDGEL, Judge:

This is an appeal from an order entered by the Simpson Circuit Court denying appellant's petition for a writ of prohibition and for an order dismissing an underlying district court paternity action. Appellant contends that the circuit court erred by concluding that the district court possesses jurisdiction in this matter. We disagree. Hence, we affirm.

This action involves a child who was born in June 1984. The child's mother and a third party married seven months prior to the child's birth but divorced in late 1984 or early 1985. It is uncontroverted that evidence adduced during the divorce proceedings excluded the mother's husband as being the father of the child. This KRS Chapter 406 paternity action was subsequently filed against appellant in the Simpson District Court. The blood tests

which were performed after appellant denied paternity of the child did not exclude him from paternity, but instead showed the probability of his paternity to be 99.83%.

Appellant filed a motion to dismiss the paternity action on the ground that the district court was proceeding outside of its jurisdiction. The motion was denied, and appellant subsequently sought a writ of prohibition and an order dismissing the district court action. The circuit court denied appellant's petition. This appeal followed.

KRS 406.051 vests district courts with jurisdiction over paternity actions brought under KRS Chapter 406. KRS 406.011 provides in pertinent part as follows:

> A child born during lawful wedlock, or within ten (10) months thereafter, is presumed to be the child of the husband and wife. However, a child born out of wedlock includes a child born to a married woman by a man other than her husband where evidence shows that the marital relationship between the husband and wife ceased ten (10) months prior to the birth of the child.

Contrary to appellant's assertions, we are not persuaded that this provision indicates that a child born to a married woman can be found to have been born out of wedlock *only* if the spouses' marital relationship ended at least ten months prior to the child's birth. Here, although the spouses' marital relationship did not fall into the category of having ceased ten months prior to the child's birth, it is uncontroverted that the husband was found in an earlier circuit court proceeding to not be the child's father. That finding is not before us on appeal. That being so, the trial court certainly did not err by concluding that the presumption of legitimacy had been overcome by evidence "so clear, distinct and convincing as to remove the question from the realm of reasonable doubt." *See Simmons v. Simmons*, Ky., 479 S.W.2d 585, 587 (1972). *Compare Bartlett v. Commonwealth, ex.rel. Calloway*, Ky., 705 S.W.2d 470 (1986) (district court's finding of third party's paternity was upheld in

view of the evidence, including that as to nonaccess, even where the husband was not first excluded from paternity.) Since the child therefore by implication was found by the circuit court to have been "born out of wedlock" to "a married woman by a man other than her husband," the district court was clearly vested with subject matter jurisdiction to determine paternity. It follows, therefore, that the circuit court did not err by failing to either grant appellant's petition for writ of prohibition or dismiss the district court action.

The court's order is affirmed.

All concur.